J-S29019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES JACOB BERGER | |
| Appellant | No. 1173 WDA 2015 |

Appeal from the PCRA Order July 8, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000898-2008

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 17, 2016**

The parties are well acquainted with the facts and procedural history of this case. We need not restate them in detail here. It, however, is important to note that the unprofessional conduct of Attorney James Eugene DePasquale, Appellant's privately retained counsel, needlessly delayed the resolution of this case, requiring a remand for further action in the PCRA court. *See Commonwealth v. Berger*, No. 1173 WDA 2015 (Pa. Super., filed June 27, 2016) (unpublished memorandum).

On remand, the PCRA court conducted a hearing. Prior to that hearing, Appellant sent a letter to the PCRA court indicating that he did not "wish to further this appel[l]ate process." Letter, dated July 17, 2016. At the hearing,

---

[*] Former Justice specially assigned to the Superior Court.

Appellant participated *via* video link and the PCRA court placed him under oath. Appellant stated that he had no objection to Attorney DePasquale withdrawing as counsel. **See** N.T., Hearing, 7/26/16, at 5 (unpaginated). And, importantly for our purposes here, he stated that he wanted to withdraw his PCRA petition. **See id**. The PCRA court warned Appellant of the ramifications of his decision explaining, "once you withdraw it, that ends it. You can't come back and take a second bite at this." **Id**. Appellant responded, "I understand that." **Id**. The PCRA court asked Appellant why he wanted to withdraw his PCRA petition and Appellant stated, "[b]ecause it has no merit…." **Id**. The PCRA court asked Appellant if he was on any medications and Appellant reassured the court that he was "fully aware of what I'm saying." **Id**. The PCRA court then entered orders permitting Attorney DePasquale to withdraw as counsel and granting Appellant's request to withdraw his PCRA petition.

The PCRA court remitted the record to our Court and this appeal is now ready for disposition. Given Appellant's *withdrawal* of his PCRA petition, on the record in the court below, this appeal is now moot.

Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/2016</u>